Wright, J.,
delivered the opinion of the court:
Unless the complainants have a right, as individuals, to interfere to protect county property conveyed to it for the use of public buildings, and restrain the county commissioners, the agents of 'the county, from using such property as in their judgment may best promote the object of the grant and the public interest, the bill must be dismissed. The right to interfere is sought to be sustained from analogy to the class of cases where one of many commoners or parishioners seek to restrain from infringing the common right, or to establish a general modus. The analogy, in our opinion, does not hold. In those cases the right to proceed depends on the fact that each commoner or parishioner is injured in ■his individual rights. In another class of cases, where a great number are separately interested in the same subject, one or more, for convenience, and to prevent delay, may litigate the right in ■chancery, for himself and all others interested; and the court, having the subject and the parties operating before it, will so control as to protect the rights of all concerned. The case before us .does not, in our opinion, belong to either of these classes.
The present is an attempt, by two or three individuals, to enforce the rights of the county, and guard the county property 103] *from forfeiture. This court, in Putnam v. Valentine, 5 Ohio, 189, has determined, that “ rights purely public are to be enforced in the name of the state or the officer intrusted with the conduct of public suits.” If the rights of the county of Butler .are violated or threatened, redress must be sought in the name of the county or its acknowledged agents. 5 Ves. 29 ; Swans. 244; 5 Ohio, 189. The case relied upon by the complainants’ counsel, in 3 Munf. 358, was brought by Murckie, a surviving trustee of Manchester, to prevent an injury to the common right of the inhabitants of the town. There is no pretense in the bill that the complainants have any individual interest in this square, as ten *107 •ants in common or otherwise, which they ask us to protect. They -are mere volunteers to take charge of public or county interest, without ever having been intrusted by the county with the performance of such duty. They ask to be permitted to act for the public without offering any reason for taking the business from the public agents. If the court was right, in 5 Ohio, 189, in deciding that a supervisor of highways had no authority to proceed in ■chancery to restrain from the destruction of a public highway, the right of the complainants is much less apparent. The bill must be dismissed. The leave asked to amend, would not avail the complainants if granted.
The court designedly leaves untouched the right of the, commissioners to lease the ground, as proposed.